375 P.2d 24

**The STATE of Arizona, Appellee,**

v.

**David Trevino VASQUEZ, Appellant.**

**No. 1231.**

Supreme Court of Arizona.

En Banc.

Oct. 10, 1962.

Gibson & Gibson, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

LOCKWOOD, Justice.

This is an appeal by the defendant Vasquez from a conviction of a charge of second degree burglary. Defendant makes two assignments of error: (1) The court's refusal to give defendant's requested instruction as to the individual responsibility of each juror in arriving at a verdict,[1] and (2) the court's failure to give an instruction *sua sponte* that a confession should not be considered by the jury unless they found that it was given free and voluntarily and that it was true. The facts are as follows: Defendant was driven from Phoenix to a shopping center in Tempe, Arizona, by one

---

1. The requested instruction reads: "I instruct you that the State and the defendant in a criminal case are entitled to the individual opinion of each and every juror. It is the duty of each of you, after considering all evidence in the case, to determine, if possible the question of guilt or innocence of the defendant. When you. have reached a conclu- sion in that respect, you should not change it merely because one or more or even all the other jurors disagree with you. However, each juror should free- ly and fairly discuss all the evidence with the other jurors. After doing so, each juror should render his verdict according to his final opinion and conclusion."

Velia Estrada in her automobile. At the shopping center defendant entered at least one store with Estrada. Shortly thereafter police officers found certain articles from three stores including some pants or trousers in Estrada's car and handbag. At that time Estrada was on probation upon conviction of another offense. At the trial both Estrada, who was a witness, and the defendant testified that the latter had no knowledge of Estrada's plan to steal the trousers. Defendant further testified that he had made no statement to the police concerning the incident involving his arrest.

Two police officers testified that defendant had made certain statements to them immediately after his arrest. It is defendant's position that these statements were offered in the nature of a confession, and that the court should therefore have instructed the jury that they must consider whether such "confession" was given voluntarily before they could consider whether it was true.

Officer Hill testified that he had asked the defendant:

"if he knew that she [Estrada] was going to take the trousers when he went there, and he said—stated yes, that he did."

The officer further testified he had asked defendant to make a written statement, but the latter:

"stated there wasn't any sense in making a written statement; that he was going to plead guilty to the charge."

The charge to which the officer referred was petty theft, a charge to which defendant did later plead guilty. However he was thereafter charged with several felony counts, including the one here involved.

Officer Adams testified that he asked defendant to make a statement, and the latter stated:

" 'Well, there is hardly any use of me giving you a statement.' He says, 'You got me cold. I will tell you, I will cop to it, to all of it, if you will jar the girl loose.' that was the words he used."

The officer further testified:

"I asked him if he took the trousers, and he said, 'No, Betty [Estrada] took them.'

"I said, 'You knew about it?'

" 'Yes, I knew about it.' "

On cross examination of officer Adams the following testimony was adduced:

"Q. Well, he was concerned about getting the girl off, is that right, prior to the time you obtained the purported confession?

"A. I thought he indicated that, yes.

"Q. And he did indicate that he wanted a deal made or something to that effect?

"A. That was the nearest he came to any deal.

\* \* \* \* \* \*

"He didn't come out with any other.

\* \* \* \* \* \*

"He just made that condition and stopped.

\*    \*    \*    \*    \*    \*

"He said 'I will cop to the whole thing if you will jar the girl loose.' "

Defendant denied that he made any statement to the officers, except to say that he would *not* make a statement and would rather wait until he talked to an attorney first. There was no issue raised at the trial whether the statements which the two officers claimed defendant had made to them were voluntary, since the defendant denied he had made them at all.

At most, the statements to which officers Hill and Adams testified were in the nature of admissions against interest (e. g., that defendant knew that Estrada took the trousers). The other alleged statements of the defendant might have been construed as being an attempt to bargain with the officer that the defendant would plead guilty or give them a statement if they in turn would agree to "jar the girl loose." In neither case could his purported statements have constituted a confession. The court did not err in failing to give an instruction that a confession could not be considered by the jury unless they found it to be given freely and voluntarily.

Nor did the court err in refusing to give defendant's requested instruction that the defendant was entitled to the individual opinion of every member of the jury. While the instruction would have been proper if given, we are of the opinion that the general instructions of the court regarding presumption of innocence, reasonable doubt, the nature of the jurors' duty as triers of fact, and the necessity of the concurrence of all twelve of the jurors to reach a verdict, were sufficient, and that failure to give the requested instruction did not constitute reversible error.

For the foregoing reasons, judgment of the trial court is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.